IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY ANN LAZAR,

    Plaintiff,

vs.                                              No. 03-2868 BP

EZPAWN TENNESSEE, INC.,

    Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY CONCERNING PLAINTIFF'S FIRST SET OF INTERROGATORIES AND HER FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

Before the Court is Plaintiff Mary Ann Lazar's Motion to Compel Discovery Concerning Plaintiff's First Set of Interrogatories and Her First Request for Production of Documents, filed June 24, 2005 (dkt #19). Defendant EZPawn Tennessee, Inc. filed its response on July 11, 2005. For the following reasons, the motion to compel is GRANTED in part.

A.   <u>Interrogatory No. 2 and Request for Production No. 4</u>

Interrogatory No. 2 seeks information related to EZPawn's former employee Dederick Marshall and the circumstances of the termination of his employment.[1] Request for Production No. 4 seeks

---

[1] Although the discovery requests seek information and documents related to Derrick Marshall, EZPawn has stated that it has never had an employee by that name. EZPawn, however, responded by assuming Lazar was seeking information regarding their employee named Dederick Marshall. The Court will make the

EZPawn's personnel file of Marshall. EZPawn objects to the production of this information and materials based on relevance and confidentiality.

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] This Court has previously stated that "[p]ersonnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance." Miller v. Federal Express, 186 F.R.D. 376, 384 (W.D. Tenn. 1998). Other than stating that Marshall was defendant's "store manager witness," Lazar does not describe in any detail Marshall's involvement in the litigation or how his personnel file would be relevant to a claim or defense. She has merely stated that information related to Marshall's termination and his personnel files may provide material to challenge Marshall's credibility. This is insufficient to meet the burden of relevance described in Miller. See McCann v. Bay Ship Mgmt. Co., 2000 WL 1838714, No. 00-1430 at *1 (E.D. La. Dec. 8, 2000)(unpublished). Therefore, the Court DENIES Lazar's motion to compel EZPawn to

---

same assumption.

[2]Discovery in diversity cases are governed by the federal rules. Hartwig v. Nat'l Broadcasting Co., 76 F.3d 379, 1996 WL 33252, at *2 (6th Cir. 1996)(unpublished).

produce Marshall's personnel file. However, even though EZPawn will not be required to produce Marshall's personnel file, the specific reasons for his termination may very well be relevant, and thus the Court GRANTS Lazar's motion with respect to interrogatory no. 2. EZPawn shall respond fully to interrogatory no. 2, stating with particularity the circumstances of his termination, within eleven (11) days from the date of this order.

B.   Interrogatory No. 4

Interrogatory No. 4 seeks information related to the pawn shop's customer who purchased the tennis bracelet at issue in the case. EZPawn stated that the information is confidential and privileged, but agreed to provide the information pursuant to a mutually agreeable protective order. The Court finds the requirement of a protective order is unnecessary under these circumstances. Thus, EZPawn shall respond to Interrogatory No. 4 within eleven (11) days from the date of this order.

C.   Request for Production No. 3

Request for Production No. 3 seeks records that evidence communications between Shannon Becton[3] and EZPawn's corporate representatives. EZPawn argues that the records are not relevant and that it does not have such a record. A party cannot be compelled to produce documents that do not exist. See Epling v. UCB Films, Inc., No. 98-4226, 2000 WL 1466216, at *17 (D. Kan.

---

[3] Apparently, Lazar erred again in the name of an EZPawn employee. Although Lazar refers to Shane Becton in the document request, it appears that she was referring to Shannon Becton.

2000)(unpublished). Therefore, this portion of the motion is DENIED.

D.  Request for Production Nos. 7, 12, 16, 20, and 21

Request for Production Nos. 7, 12, 16, 20, and 21 seeks various documents related to EZPawn's acquisition, possession, sale, and attempt to recover the tennis bracelet, as well as other transactions between EZPawn and the individual who sold the bracelet to EZPawn. EZPawn responded to these requests by referring Lazar to its initial disclosures. It stated that it has only withheld two documents responsive to these requests, and it identified each of these documents by name. Although EZPawn's identification of each document arguably satisfies Rule 26(b)(5)'s requirements, see Sawgrass Sys., Inc. v. BASF Aktiengesellschaft, 50 U.S.P.Q.2d 1687, 1691, 1999 WL 358681 (E.D. Mich. 1999), the Court directs EZPawn to provide plaintiff with a privilege log within eleven (11) days from the date of this order, that describes the nature of the documents not produced in a manner that, without revealing information itself privileged, will enable Lazar to assess the applicability of the privilege. See Fed. R. Civ. P. 26(b)(5). If, after the privilege log is produced, Lazar challenges the applicability of an asserted privilege, she may file an appropriate motion at that time.

For the reasons above, Lazar's Motion to Compel Discovery Concerning Plaintiff's First Set of Interrogatories and Her First Request for Production of Documents is GRANTED in part.

-4-

IT IS SO ORDERED.

                                                   /s/ Tu M. Pham
                                                   TU M. PHAM
                                                   United States Magistrate Judge

                                                 August 12, 2005
                                                 Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:03-CV-02868 was distributed by fax, mail, or direct printing on August 12, 2005 to the parties listed.

---

Louis J. Miller
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Thomas D. Yeaglin
LAW OFFICE OF THOMAS YEAGLIN
140 Jefferson Ave.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT