IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARY ANN LAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. <u>03-2868 BP</u> |
| | ) | |
| EZPAWN TENNESSEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR BIFURCATED TRIAL

Before the court is defendant E.Z. Pawn Tennessee, Inc.'s ("E.Z. Pawn") Motion For Bifurcated Trial, filed July 22, 2005 (dkt #21). In this diversity action, Lazar alleges conversion of her personal property by E.Z. Pawn, specifically, her bracelet. Lazar has made a jury demand, and in her complaint, seeks $150,000 in compensatory and punitive damages. In the present motion, E.Z. Pawn requests that issues relating to compensatory liability, compensatory damages, and punitive liability be considered by the jury separate and apart from the jury's consideration of the amount of punitive damages. Plaintiff Mary Ann Lazar filed her response in opposition on August 1, 2005. The motion was referred to the United States Magistrate Judge for determination.

In the court's review of the record, including the parties' pleadings and summary judgment briefs, it appears that they do not

dispute that this conversion action arises under Tennessee law. In Tennessee, in a trial where punitive damages are sought, the court upon motion of the defendant must bifurcate the trial. During the first phase, the factfinder shall determine liability for compensatory and punitive damages, and the amount of compensatory damages. If the factfinder finds a defendant liable for punitive damages, the determination of the amount of such damages shall then be determined in a separate proceeding. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992); see also Culbreath v. First Tennessee Bank National Assoc., 44 S.W.3d 518, 527 (Tenn. 2001)(citing Hodges).

In deciding this motion, however, this court looks to Fed. R. Civ. P. 42(b). See Oulds v. Principal Mutual Life Ins. Co., 6 F.3d 1431, 1435 (10th Cir. 1993)("bifurcation of trials is permissible in federal court even when such procedure is contrary to state law."); Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 14-15 (2d Cir. 1988)(permissible not to bifurcate liability and punitive damage issues despite state law requiring bifurcation); Sellers v. Baisier, 792 F.2d 690, 694 (7th Cir. 1986)("Rule 42 may be applied in diversity cases [to bifurcate the issues of liability and damage] even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials."); Rosales v. Honda Motor Co., 726 F.2d 259, 261-62 (5th Cir. 1984)(federal court trying a diversity case is not required to follow state law in matters relating to bifurcation of trial).

Rule 42(b) authorizes the court to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. See Fed. R. Civ. P. 42(b). The decision to bifurcate is committed to the sound discretion of the trial court. Moss v. Associated Transp., Inc., 344 F.2d 23, 25 (6th Cir. 1965); see also Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). Applying Rule 42(b) to the present case, the court concludes that bifurcation of the amount of punitive damages from other liability and compensatory damages issues will further judicial economy and will prevent undue prejudice to E.Z. Pawn. See Thomas v. Allen-Stone Boxes, Inc., 925 F.Supp. 1316 (W.D. Tenn. 1995)(McCalla, J.)(granting motion to bifurcate). Obviously, if the jury concludes that E.Z. Pawn is not liable for any punitive damages, the court, the parties and the jury will not have to needlessly deal with proceedings relating to the amount of punitive damages. Moreover, a bifurcated trial will avoid any undue prejudice to E.Z. Pawn that might arise from the jury hearing evidence relating to E.Z. Pawn's financial condition during the liability phase. As a final matter, although this court is not bound by Tennessee law in determining whether to bifurcate the trial, the court notes that its decision to bifurcate the portion of the trial relating to the amount of punitive damages is consistent with the reasoning in Hodges.

For these reasons, the motion to bifurcate is GRANTED.

IT IS SO ORDERED.

                                                     */s/ Tu M. Pham*
                                                     TU M. PHAM
                                                     United States Magistrate Judge

Date: August 23, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:03-CV-02868 was distributed by fax, mail, or direct printing on August 23, 2005 to the parties listed.

---

Thomas D. Yeaglin
LAW OFFICE OF THOMAS YEAGLIN
140 Jefferson Ave.
Memphis, TN 38103

Louis J. Miller
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable J. Breen
US DISTRICT COURT